IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH KELLY DINGLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1821-K-BN |
| | § | |
| ROCKWALL COUNTY COURT #2, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joseph Kelly Dingler filed a *pro se* action earlier this year that the court construed to assert both habeas and civil claims. *See Dingler v. Rockwall Cnty. Ct. #2, et al.*, No. 3:22-cv-1252-D-BH (N.D. Tex.) (*Dingler I*). So, on July 22, 2022, the court in *Dingler I* entered a notice of deficiency and order observing in part:

> The petition also mentions claims that may arise under 42 U.S.C. § 1983. Courts may only consider federal habeas petitions on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See Preiser v. Rodr*iguez, 411 U.S. 475, 484-87 (1973). The petitioner may only raise habeas claims in his amended habeas petition, and this case will proceed only as a habeas action. If he is trying to raise any other types of claims, including claims under § 1983, they must be raised in a separate civil action. The Clerk's Office has been instructed to forward him the forms used in other types of civil actions. Because of the filing fee, a separate § 1983 action will only be opened if the petitioner files it on the enclosed forms.

*Dingler I*, Dkt. No. 11 at 1 (footnote omitted); *see also Reed v. Thaler*, No. 2:11-cv-93, 2011 WL 3924171, at *2 (N.D. Tex. Aug. 15, 2011) (Where a litigant "seeks both monetary damages, which are primarily available in a civil rights action pursuant to 42 U.S.C. § 1983, and release to parole or mandatory supervision, which is available

in a habeas corpus action," he seeks "two forms of relief that cannot be obtained in the same suit."), *rec. adopted*, 2011 WL 3927746 (N.D. Tex. Sept. 7, 2011).

Dingler filed an amended habeas petition in *Dingler I* on August 16, 2022. *See Dingler I*, Dkt. No. 15.

And the civil rights complaint initiating this action appears to assert the claims under Section 1983 effectively severed from *Dingler I*. *See* Dkt. No. 2 at 1 (referencing case number 3:22-cv-1252-D-BH).

United States District Judge Ed Kinkeade referred the civil rights complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice on its own motion under Federal Rule of Civil Procedure 12(b)(6).

**Legal Standards and Analysis**

"It is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

More specifically, a district court may exercise its "inherent authority ... to

dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted).

The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177)). *Accord Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

Notice is provided through these findings, conclusions, and recommendations, and the period to file objections to the them (further explained below) affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

Dismissal for failure to state a claim under either Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as the Federal Rules of Civil Procedure do not "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Insofar as Dingler brings civil rights claims against a state court in Rockwall County without further factual explanation, judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009).

"Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

"A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). And "judicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). Nor does "[d]isagreeing with a judge's actions" "justify depriving that judge of his or her immunity." *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at

*2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

Dingler fails to allege facts to show that any act taken by the judge presiding over the state court named as a defendant was not a normal judicial function nor undertaken without jurisdiction.

His claims against this defendant are therefore barred by judicial immunity. And this civil suit should be dismissed with prejudice.

## Recommendation

The Court should dismiss this action unless, within the time to file objections, Plaintiff Joseph Kelly Dingler satisfactorily shows that he can amend his complaint to allege a plausible claim over which the Court has jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 22, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE